IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HAYWOOD PAYNE, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-3408 |
| | : | |
| MANSION AT BALA | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                    **February 1, 2024**

Plaintiff Edward Haywood Payne, Jr. brings this suit under the Fair Housing Act, 42 U.S.C. §§ 3601, et seq. ("FHA") against Defendant Mansion at Bala ("Mansion") for retaliatory denial of housing. Mansion moves to dismiss the Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because Payne has not sufficiently pled a plausible right to relief, the motion to dismiss will be granted without prejudice.

**BACKGROUND**

The Complaint contains very few facts. Payne alleges Mansion refused to rent him an apartment on September 30, 2021, thereby breaching a leasing contract between them. Compl. 3, ECF No. 1. Payne contends Mansion refused to rent to him in retaliation for his previous filing of a lawsuit against the "Galman Group." *Id*. at 2. While the Complaint does not clarify further, it appears to be referring to a previous case before this Court: *Payne v. Galman Grp.*, Civ. No. 21-569, 2022 WL 910954 (E.D. Pa. Mar. 29, 2022). In *Galman*, Payne alleged racial discrimination under the FHA against his landlord for disparate enforcement of a pet policy. *Payne*, 2022 WL 910954 at *2.[1]

---

[1]    This Court dismissed the Complaint in *Galman* because it did not contain sufficient detail to establish a plausible right to relief.

1

Payne filed this pro se Complaint on August 30, 2023, seeking injunctive relief and damages for Mansion's retaliation. Compl. 4. Mansion filed its motion to dismiss on September 20, 2023. ECF No. 7.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 545. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

A pro se litigant's pleadings must be construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). But "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.*

**DISCUSSION**

The Court will construe Payne's Complaint to allege Mansion retaliated against him for previously claiming the Galman Group engaged in racial discrimination, in violation of the FHA. Under the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section . . . 3604 . . . of this title." 42 U.S.C. § 3617. The United States Department of Housing and Urban Development has further defined unlawful conduct under § 3617. *See* 24 C.F.R. § 100.400. Relevant here, it is unlawful to retaliate "against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act" or "reported a discriminatory housing practice to a housing provider or other authority." 24 C.F.R. § 100.400(c)(5)-(6). "To prevail on a § 3617 retaliation claim, a plaintiff must demonstrate (1) [he] engaged in a protected activity; (2) the defendant subjected [him] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Lloyd v. Presby's Inspired Life*, 251 F. Supp. 3d 891, 904 (E.D. Pa. 2017). A plaintiff "may rely upon a broad array of evidence" to "illustrate a 'causal link' for purposes of establishing retaliation." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 283-84 (3d Cir. 2000).

The Complaint does not contain sufficient detail to establish a plausible retaliation claim under the FHA. The Court construes Payne's lawsuit against the Galman Group as the protected activity at issue. But almost no details are provided on Mansion's alleged adverse action of breaching a leasing agreement. Payne only states a leasing agreement existed—neither the leasing contract nor its details are provided.[2] Further, Payne fails to allege any facts illustrating a causal

---

[2]   Payne's response claims he sent documents to the Court "in or about September 2021" which "prove that the agreement between the Defendants and the Plaintiff to rent an apartment did indeed exist." Pl.'s Resp. to Mot. Dismiss 7, ECF No. 8. Again, Payne seems to be referring to his 2021 *Galman* case, which did not involve Mansion.

link between his protected activity with the Galman Group and an adverse action by Mansion. Indeed, it is unclear how the Galman Group and Mansion are connected at all—no facts link the two entities.[3] Payne has thus failed to plausibly allege two of the three retaliation elements required, and his Complaint must be dismissed.[4]

Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so requires." Because it is possible Payne could plead additional facts to support a claim for retaliation under § 3617, the Complaint will be dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[3] Payne's response refers to the Galman Group as "the previous landlord" but does not otherwise explain how the Galman Group and Mansion are connected, if at all.

[4] In his response, Payne introduces several new claims not raised in the Complaint. Specifically, his response seemingly raises a breach of contract claim, a racial discrimination claim under the FHA, a PHRA claim, and a § 3617 interference claim. *See* Pl.'s Resp. to Mot. Dismiss. As noted, the Complaint does not contain sufficient detail to plausibly establish any of these additional claims.